**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| STEPHEN M. RICHIE,<br><br>Plaintiff,<br><br>vs.<br><br>MONTGOMERY COUNTY BOARD OF COMMISSIONERS, *et al.*,<br><br>Defendants. | : | Case No. 3:26-cv-00114<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

## ORDER TO SIGN MOTION

Plaintiff Richie recently filed a Motion to receive service by email. (Doc. No. 10.) Plaintiff has not properly signed the Motion. A *pro se* plaintiff who has filed a case in federal court must personally sign each of his or her own filings. *See English v. Equifax Info. Servs., LLC*, No. 1:24-cv-240, 2026 LX 266792, at *7-8 (S.D. Ohio May 15, 2026) (citing Fed. R. Civ. P. 11) (Rule 11 requires "that an unrepresented party personally sign filings submitted to the Court and certify that the factual and legal contentions therein are made in good faith after reasonable inquiry.")

The required signature is a *handwritten* signature. *See Becker v. Montgomery*, 532 U.S. 757, 764 (2001) ("we read the requirement of a signature [in Rule 11] to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)."); *McFarlin v. City of Wayne*, No. 26-cv-10011, 2026 U.S. Dist. LEXIS 49649, at *3, (E.D. Mich. Mar. 6, 2026) (Rule 11 "requires that each Plaintiff personally sign their filings with a handwritten signature."); *Jacquelyn S*

*Jordan Tr. v. City of Franklin*, No. 3:22-cv-326, 2022 U.S. Dist. LEXIS 86013, at *3, (M.D. Tenn. May 12, 2022) (Rule 11 "requires a handwritten signature, not a typed name"); *Greene v. Rochester Villas Apartments, Inc*., No. 25-13926, 2026 WL 30640, at *1 (E.D. Mich. Jan. 5, 2026) ("Although Greene's typed name appears at the end of the complaint, the document is not dated, there is no signature block or other indication that the typed name serves as an electronic signature, and the document was not submitted through an electronic account belonging to Plaintiff. This does not suffice as a signature. As Rule 11(a) is framed, the requirement of a signature generally means a handwritten signature, and other rules only permit electronic signatures with sufficient indicia of authenticity."); *Watkins v. LaSalle Bank*, No. 25-cv-13901, 2025 U.S. Dist. LEXIS 261898, at *4 (E.D. Mich. Dec. 18, 2025) (striking an unsigned complaint and noting that "Plaintiff may refile an amended complaint that contains her handwritten signature").[1]

Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, the Court must strike the Motion unless Plaintiff promptly corrects the deficiency. Fed. R. Civ. P. 11(a); *see Penland v. Chambers-Smith*, No. 2:26-cv-00227, 2026 WL 2017215, at *1-2 (S.D. Ohio July 13, 2026) (advising the plaintiff that the Court intends to strike pending motions unless they are properly signed and resubmitted). The Court therefore **ORDERS** Plaintiff to personally sign the Motion (Doc. No. 10) and resubmit it to the Clerk of Court by **November 2, 2026**.

[1] Although the Rules contain an exception that allows approved 'Filing Users' of the Court's electronic filing system to type their signatures, Plaintiff is not an approved Filing User, and his own handwritten signature must therefore appear on each paper he files. *See* S.D. Ohio Civ. R. 83.5(b)-(c); Fed. R. Civ. P. 5(d)(3)(B); Fed. R. Civ. P. 5(d)(3)(C).

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge