**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| STEPHEN M. RICHIE,<br><br>Plaintiff,<br><br>vs.<br><br>MONTGOMERY COUNTY BOARD OF COMMISSIONERS, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-cv-00114<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

**ORDER TO COMMUNICATE WITH THE COURT THROUGH MOTIONS;**
**ORDER FOR SECOND AMENDED COMPLAINT;**
**ORDER DISCHARGING ORDER TO SHOW CAUSE**

This civil rights case is before the undersigned Magistrate Judge to address some preliminary matters. First, the undersigned's chambers has recently received email, telephone calls, and voicemails from the *pro se* Plaintiff. The proper way for a litigant to communicate with the Court is by written motion filed with the Clerk of Court. To avoid any improper *ex parte* communication,[1] and to comply with the Court's Local Rule 7.2(c),[2] Plaintiff is **ORDERED** to communicate with the Court solely by motion, not via

[1] *Ex parte* communication means "communication between counsel or a party and the court when opposing counsel or party is not present. Such communications are ordinarily prohibited." Black's Law Dictionary (12th ed. 2024).

[2] The rule provides:

> **Correspondence with the Court**. Letters to the Court are not permitted unless (1) requested by the Court in a specific matter, or (2) advising the Court of the settlement of a pending matter. All other written communications must be by way of formal motion or memorandum submitted in compliance with these Rules. All letters sent to the Court shall be contemporaneously served upon opposing counsel unless otherwise ordered by the Court.

S.D. Ohio Civ. R. 7.2(c). The Local Rules are available on the Court's website.

telephone call or other informal methods of communication. However, this order does not prevent Plaintiff from directly contacting the Court where he is specifically authorized to do so by a Court rule or standing order, such as where the parties have reached an impasse in a discovery dispute and seek an informal telephone conference with the Court. *See, e.g.,* S.D. Ohio Civ. R. 37.1; Judge Newman's Standing Order Governing Civil Cases (eff. Aug. 27, 2025),[3] Section IV.b. Any such communication should not be *ex parte*.

In his communications, Plaintiff acknowledges the Court's prior order requiring him to sign each document he files in this case. (*See* Doc. No. 11.) Plaintiff inquires whether he must sign other documents, including his Motion to Appoint Counsel (Doc. No. 7) and his complaints (Doc. Nos. 4, 6), and whether he may do so in a single document.

The Court has already denied Plaintiff's initial Motion for Counsel. (*See* Doc. No. 12.) If he chooses to renew this motion at the appropriate time, he shall properly sign it as required by Rule 11(a).

With respect to Plaintiff's complaints, the undersigned finds it appropriate to proceed as follows. Plaintiff is **ORDERED** to file a "Second Amended Complaint" that includes only his civil rights claims and omits the habeas corpus claims that are separately proceeding in Case No. 3:26-cv-00372. (*See* Order to Show Cause, Doc. No. 2; Order to Clerk to Open New Case, Doc. No. 8.) Plaintiff shall properly sign the Second Amended Complaint and shall file it with the Clerk of Court by **November 24, 2026**.

[3] The Standing Order Governing Civil Cases is also available on the Court's website.

Once filed, the Second Amended Complaint will be the operative complaint in this case, superseding all previous complaints, amendments, and supplements. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009)) ("An amended complaint supersedes an earlier complaint for all purposes."). The undersigned will thereafter screen the Second Amended Complaint as required by 28 U.S.C. § 1915(e).

Finally, to maintain a clear record, the Court **DISCHARGES** the prior Order to Show Cause. (Doc. No. 2.) The issues therein are **RESOLVED**.

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge